Tompkins, X,
delivered the opinion of the Court.
This is an action of debt. Sargent, the plaintiff below, brought an action against Boyd, for one hundred and twenty dollars, due on two single bills obligatory, of sixty dollars each, and for one hundred and twenty dollars, due by simple contract.- The defendant below craved oyer of the single bills obligatory, set them out, and demurred to the counts on them, and pleaded nil debet to the count on the simple contract. The Circuit Court overruled the demurrer, and gave judgment for one hundred and twenty dollars, the debt in the declaration demanded, and damages for the detention thereof. It is assigned for error, first, that the sum demanded in the queritur, is one hundred and twenty dollars, and that the several sums stated in the declaration to be due, amount to two hundred and forty dollars. Second- That it is not stated, in- *311 the first count, hy whom the first note, in said count mentioned, was made. Third. That there is a variance betwixt the second note, set out in the said first count, and that of which oyer is given.
There are two other general assignments of error. The Court are all of opinion, that the first assignment of error is not good.
The commencement of the first count reads thus:’"for that, whereas, heretofore, to-wit, on, &c., at &c., made his certain instrument in writing, &c.” The name of the defendant is mentioned in the qneritur, and the omission of it here is conceived to be a clerical error. This omission is easily supplied by the preceding and subsequent parts of the same count. It is also conceived, that this omission is cured by setting out the note on oyer. The second assignment of errors is, therefore, thought to be insuificient. Judge M’Gibk does not concur in this last opinion. A majority of the Court thinks the third assignment of errors insufficient. The second note is described thus: “ and also, at the same day, at the same place, and within the same jurisdiction, the said defendant made his other writing obligatory, &c., bearing date the same day, year last aforesaid. In setting out the first note, two times had been mentioned, the 7th August, 1818, the day of the date of said first note, and the 25th December, 1818, the day on which it became due. The uncertainty in the date of the second note, if any, is thought to be effectually cured, by setting out this note on oyer. In this opinion, also, Judge M’Girk does not concur. A majority of the Court is of opinion, that there is error in the judgment given. The judgment appears to be given on the whole declaration, whereas, nothing but the demurrer was submitted.
The judgment of the Circuit Court is reversed, and the case remanded to the said Court for another trial.
Psttibone, J., dissenting on the last point.